UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CR-190-BO-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) INDICTMENT |
| | ) |
| KEVIN DAY DUNLOW | ) |

*FILED IN OPEN COURT ON 6-11-2024 Peter A. Moore, Jr., Clerk US District Court Eastern District of NC*

The Grand Jury charges:

## COUNT ONE

On or about June 21, 2022, in the Eastern District of North Carolina and elsewhere, the defendant, KEVIN DAY DUNLOW, knowingly and willfully did transmit in interstate and foreign commerce from the State of California, to the State of North Carolina, a communication, to wit, a telephone call to the Hertford County Sheriff's Office Communication Center, specifically that he was going to kill D.H., in violation of Title 18, United States Code, Section 875(c).

## COUNT TWO

On or about May 1, 2024, in the Eastern District of North Carolina and elsewhere, the defendant, KEVIN DAY DUNLOW, knowingly and willfully did transmit in interstate and foreign commerce from the State of California, to the State of North Carolina, a communication, to wit, a telephone call to the Wake County Sheriff's Office Communication Center, specifically that he was going to kill the children of a public official in North Carolina, Victim #1 and Victim #2, in violation of Title 18, United States Code, Section 875(c).

1

## COUNT THREE

On or about May 1, 2024, at a time separate and apart from that alleged in Count One, in the Eastern District of North Carolina and elsewhere, the defendant, KEVIN DAY DUNLOW, knowingly and willfully did transmit in interstate and foreign commerce from the State of California, to the State of North Carolina, a communication, to wit, a telephone call to the Wake County Sheriff's Office Communication Center, specifically that there was a bomb in the sheriff's office and he was going to kill them, in violation of Title 18, United States Code, Section 875(c).

## COUNT FOUR

On or about May 1, 2024, at a time separate and apart from that alleged in Count One, in the Eastern District of North Carolina and elsewhere, the defendant, KEVIN DAY DUNLOW, did intentionally engage in conduct with an intent to covey false and misleading information under circumstances where such information may reasonably have been believed and which indicated that an activity had taken, was taking, and would take place that would constitute a violation of chapter 113B title 18, United States Code, to wit, the defendant called the Wake County Sheriff's Office Communication Center to report that a bomb was in the Sheriff's Office, in violation of Title 18, United States Code, Section 1038(a)(1).

## COUNT FIVE

On or about May 7, 2024, in the Eastern District of North Carolina and elsewhere, the defendant, KEVIN DAY DUNLOW, knowingly and willfully did transmit in interstate and foreign commerce from the State of California, to the State

of North Carolina, a communication, to wit, a telephone call to the North Carolina Attorney General's Office, specifically that he was going to kill the children of a public official in North Carolina, Victim #3, Victim #4 and Victim #5, in violation of Title 18, United States Code, Section 875(c).

## COUNT SIX

On or about May 10, 2024, in the Eastern District of North Carolina and elsewhere, the defendant, KEVIN DAY DUNLOW, knowingly and willfully did transmit in interstate and foreign commerce from the State of California, to the State of North Carolina, a communication, to wit, a telephone call to Temple Beth Or synagogue in Raleigh, specifically that he was going to kill members and the children, in violation of Title 18, United States Code, Section 875(c).

## COUNT SEVEN

From on or about May 14, 2024, and continuing to on or about May 17, 2024, in the Eastern District of North Carolina and elsewhere, the defendant, KEVIN DAY DUNLOW, knowingly and willfully did transmit in interstate and foreign commerce from the State of California, to the State of North Carolina, a communication, to wit, a telephone call to Mercy Church in Ahoskie, specifically that he was going to kill R.F.F., in violation of Title 18, United States Code, Section 875(c).

## COUNT EIGHT

On or about May 16, 2024, in the Eastern District of North Carolina and elsewhere, the defendant, KEVIN DAY DUNLOW, did intentionally engage in

conduct with an intent to covey false and misleading information under circumstances where such information may reasonably have been believed and which indicated that an activity had taken, was taking, and would take place that would constitute a violation of chapter 113B title 18, United States Code, to wit, the defendant called the Mercy Church in Ahoskie and stated there was an explosive device placed at the church, in violation of Title 18, United States Code, Section 1038(a)(1).

(remainder of page left intentionally blank)

4

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any offense charged herein constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the

intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

6/11/2024
DATE

MICHAEL F. EASLEY, JR.
United States Attorney

BY: GABRIEL J. DIAZ
Assistant United States Attorney

BY: ERIN BLONDEL
Assistant United States Attorney